IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLA J. KING,<br><br>                    Plaintiff,<br><br>          v.<br><br>JOHN A. KAZE, DDS, SHASTA<br>COMMUNITY HEALTH DENTAL CENTER,<br>and DOES 1 through 20,<br><br>                    Defendants.<br>_____ | 2:11-cv-00864-GEB-CKD<br><br>ORDER DISMISSING ACTION FOR<br>LACK OF SUBJECT MATTER<br>JURISDICTION |

The United States of America moves to substitute itself as a Defendant in place of Defendants John A. Kaze, DDS, and Shasta Community Health Dental Center (collectively referred to as the "named Defendants"), and for an order dismissing this action for lack of subject matter jurisdiction. Plaintiff opposes the motion. Plaintiff's Complaint is comprised of medical negligence and battery claims against the named Defendants.

The United States argues it should be substituted as a Defendant since the named Defendants were employees of the federal Public Health Service acting within their scope of employment at the time of the incidents alleged in Plaintiff's Complaint, and "the exclusive remedy for [such claims] is an action against the United States under the Federal Tort Claims Act [("FTCA")]." (Defs.' Mot. 2:11-13.) The United States further argues that if the United States is substituted as a Defendant, there is no subject matter jurisdiction over

1

this action since Plaintiff has not exhausted her administrative remedies under the FTCA.

"The FTCA provides the exclusive remedy for claims arising against individuals deemed to be employees of the United States Public Health Service . . . and acting within the scope of their employment at the time of the incident giving rise to the claim." <u>Lowery v. Reinhardt</u>, No. 2:07-cv-00880-RRB-DAD, 2008 WL 550083, at *5 (E.D. Cal. Feb. 27, 2008) (citing 42 U.S.C. § 201 et. seq.)

> [I]f the Attorney General certifies that a federal government employee was acting within the scope of employment when the tort occurred, then the United States shall be substituted as the defendant in a tort suit against the employee. 28 U.S.C. § 2679(d). Upon certification, the government employee is dismissed from the suit, and is immune from other civil actions arising from the alleged tort. 28 U.S.C. § 2679(b)(1).

<u>Kashin v. Kent</u>, 457 F.3d 1033, 1036-37 (9th Cir. 2006). "[T]he certification is subject to judicial review for purposes of substitution." <u>Billings v. United States</u>, 57 F.3d 797, 800 (9th Cir. 1995). However, the "[c]ertification . . . is prima facie evidence that a federal employee was acting in the scope of her employment at the time of the incident and is conclusive unless challenged." <u>Id.</u>

If the United States is substituted as a Defendant:

> A tort claimant may not commence proceedings in court against the United States [under the FTCA] without first filing her claim with an appropriate federal agency and either receiving a conclusive denial of the claim from the agency or waiting for six months to elapse without a final disposition of the claim being made.

<u>Jerves v. United States</u>, 966 F.2d 517, 519 (9th Cir. 1992). "This claim requirement of [the FTCA] is jurisdictional in nature and may not be waived." <u>Id.</u> (internal quotation marks omitted).

1   The United States has established it should be substituted as

2   a Defendant for the named Defendants. A United States Attorney, acting

3   under authority vested in him by 28 C.F.R. § 15.4, certified that:

4               On the basis of the information now available
                with respect to the incidents referred to in
5               [Plaintiff's] Complaint, [the named Defendants] are
                deemed employees of the Public Health Service [and]
6               are deemed eligible by operation of law for the
                official immunity of employees of the United States
7               acting within the scope of their employment at the
                time of the alleged incidents giving rise to the
8               [C]omplaint.

9   (Certification of Scope of Federal Employment ¶ 2.) Plaintiff has not

10  challenged this certification. Therefore, the certification establishes

11  that the named Defendants were Public Health Service employees acting

12  within the scope of their employment when the alleged torts occurred;

13  accordingly, the named Defendants are dismissed from this action, and

14  the United States is substituted as a Defendant.

15      The United States supports its argument that Plaintiff has not

16  exhausted her administrative remedies under the FTCA with the

17  declaration of a Department of Health and Human Services attorney,

18  Meredith Torres, who avers: "I caused a search of the [Health and Human

19  Services's] Claim's Branch database to be conducted and found no record

20  of an administrative tort claim filed by [Plaintiff] or an authorized

21  representative relating to Shasta Community Health Center and John A.

22  Kaze, DDS." (Decl. of Meredith Torres ¶ 4.)

23      Plaintiff objects to Ms. Torres's declaration on the ground

24  that it contains hearsay and lacks foundation. This objection is

25  overruled, since "public records are an exception to the hearsay rule

26  and testimony from a qualified agent is permitted to show 'that diligent

27  search failed to disclose [a] record, report, statement, or data

28  compilation, or entry.' [Further,] [a]s [a] public record[], the . . .

database[] [is] self-authenticating." <u>United States v. Valdovinos-Mendez</u>, 641 F.3d 1031, 1035 (9th Cir. 2011) (quoting Fed. R. Evid. 803(10)).

Plaintiff also objects to Ms. Torres's declaration on the ground that it refers to the "Shasta Community Health Center," but that "this lawsuit is against 'Shasta Community Health *Dental* Center,' and no evidence has been presented that [Shasta Community Health Dental Center] is a dba of 'Shasta Community Health Center[.]'" (Pl.'s Objections to Decl. of Meredith Torres ¶ 2 (emphasis added).) The United States responded to this objection with a supplemental declaration from Ms. Torres, in which she avers: "One of the services that Shasta Community Health Center provides is dental care," and that the dental care is provided at a clinic called Shasta Community Health Dental Center. (Supp. Decl. of Meredith Torres ¶ 6.) Ms. Torres's supplemental declaration contains two exhibits supporting her averment. <u>Id.</u> Exs. 2-3. This evidence establishes that there is no meaningful distinction between "Shasta Community Health Center" and "Shasta Community Health Dental Center;" therefore, Plaintiff's objection is overruled.

Ms. Torres's declarations and the attached exhibits establish that Plaintiff failed to exhaust her administrative remedies under the FTCA. Therefore, this action is dismissed for lack of subject matter jurisdiction, and shall be closed.

Dated:  September 2, 2011

_____
GARLAND E. BURRELL, JR.
United States District Judge